<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALVA CUEVAS,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Civil Action No. 14-6208 (ES) (MAH)<br><br>OPINION |

SALAS, DISTRICT JUDGE

## I. INTRODUCTION

Pro-se Plaintiff Malva Cuevas brings this action against Defendants Wells Fargo Bank, N.A., as Trustee for Securitized Trust GNR 2008-66 ("Wells Fargo"), JPMorgan Chase Bank, N.A. ("Chase"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") in connection with a residential mortgage loan transaction and foreclosure action. Pending before this Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), (D.E. No. 4). The Court has considered the parties' submissions and resolves Defendants' motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). Because the Court lacks jurisdiction over Plaintiff's Complaint under the *Rooker–Feldman* doctrine, the Court grants Defendants' Motion to Dismiss and dismisses Plaintiff's Complaint *with* prejudice.

## II. FACTUAL & PROCEDURAL BACKGROUND

On May 22, 2008, Plaintiff and Frankolin D. Cuevas (collectively "Borrowers") executed a note in favor of Chase in the amount of $282,537.00 (the "Note") and Plaintiff executed a mortgage (the "Mortgage") to Chase, secured by the property at 552 Fernwood Terrace, Linden,

NJ 07036 (the "Property") (collectively the "Loan"). (D.E. No. 1-5, Complaint ("Compl.") ¶¶ 25–27; D.E. No. 1-2, Ex. B to Compl. ("State Foreclosure Action Compl."); *see also* D.E. No. 4-1, Certification of Richard P. Haber, Esq. in Support of Defendants' Motion to Dismiss ("Haber Cert."), Ex. A (copies of the Note and Mortgage)[1]). According to Defendants, Plaintiff defaulted on the Loan on or about December 1, 2011. (State Foreclosure Action Compl. ¶ 8; *see also* D.E. No. 4-2, Memorandum of Law in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Def. Mov. Br.") at 2). Chase filed a complaint for foreclosure on or about January 10, 2013 in the Superior Court of New Jersey, Chancery Division, Union County, seeking to enforce the Note and Mortgage and foreclose upon the property ("State Foreclosure Action"). (*See* State Foreclosure Action Compl.). Plaintiff failed to appear in the State Foreclosure Action, and the Court granted final judgment of foreclosure in favor of Chase on July 30, 2014. (*See* Haber Cert., Ex. B ("State Foreclosure Action Final Judgment")).

On October 3, 2014, Plaintiff filed the instant ten-count Complaint against Defendants relating to the purported securitization of the Loan. (*See* Compl.). Count one seeks declaratory relief as to Chase's standing to bring the State Foreclosure Action, (*id.* ¶¶ 131–38); count two seeks injunctive relief as to the potential sale of the Property by Chase at a sheriff's foreclosure sale pursuant to the writ of execution issued by the court in the State Foreclosure Action, (*id.* ¶¶ 139–46); count three asks the Court to quiet title to the Property, (*id.* ¶¶ 147–52); count four alleges negligence per se with respect to the purported securitization of the Loan, (*id.* ¶¶ 153–59); count five seeks an accounting as to the Loan, arguing that Plaintiff has been making improper mortgage

---

[1] "[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis and internal quotation marks omitted)).

payments to Defendants, (*id.* ¶¶ 160–63); count six alleges that the commencement of the State Foreclosure Action constituted a breach of the covenant of good faith and fair dealing, (*id.* ¶¶ 164–70); count seven alleges that "ALAW" breached a fiduciary duty owed to Plaintiff,[2] (*id.* ¶¶ 171–74); count eight asserts a claim for wrongful foreclosure, (*id.* ¶¶ 175–90); and finally, counts nine and ten allege violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* and the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, *et seq.*, respectively, for conduct purportedly related to the origination and servicing of the Loan (in addition to the principal allegations of the Loan's purported securitization), (*id.* ¶¶ 191–208).

On December 9, 2014, Defendants filed a motion to dismiss Plaintiff's Complaint, primarily arguing that it is barred by the *Rooker–Feldman* doctrine. (Def. Mov. Br. at 4–6). A review of the docket shows that Plaintiff did not oppose to the motion to dismiss.[3]

The motion is now ripe for consideration.

## III. LEGAL STANDARD

Defendants seek to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and/or failure to state a claim, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. There are differing standards of review under each. *See Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 428 (D.N.J. 1999) (citing cases).

---

[2] The Court notes that "ALAW" does not appear to be a named party or an acronym for any of the named parties.
[3] On April 22, 2015, Plaintiff filed a Motion to Compel Defendants to declare "[w]hether or not they represent the Holder in Due Course and the Creditor in this matter" and "[w]hether or not they or the Defendants [sic] attorneys are acting as debt collectors." (D.E. No. 9, Motion to Compel ("Mot. to Compel") at 3). Defendants filed opposition on May 4, 2015, arguing that the Court lacks jurisdiction to grant affirmative relief to Plaintiff, and that the relief requested is nevertheless improper. (D.E. No. 11, Defendants' Memorandum of Law in Opposition ("Def. Opp. Br.") at 2). A review of the docket shows that Plaintiff did not file a reply brief. On July 6, 2015, United States Magistrate Judge Michael A. Hammer denied Plaintiff's Motion to Compel. (D.E. No. 12).

### a. Rule 12(b)(1) – Subject Matter Jurisdiction

Federal courts have limited jurisdiction and are permitted to adjudicate cases and controversies only as permitted under Article III of the Constitution. *See* U.S. Const. art. III, § 2; *see also Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998). Unless affirmatively demonstrated, a federal court is presumed to lack subject matter jurisdiction. *See Ridge*, 150 F.3d at 323 (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)). The burden of demonstrating the existence of federal jurisdiction is on the party seeking to invoke it. *See Common Cause of Pa.. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)). Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

A motion to dismiss under Rule 12(b)(1) "attacks . . . the right of a plaintiff to be heard in Federal court." *Kurtzman*, 45 F. Supp. 2d at 428. When ruling on such a motion, a distinction must be made between a facial and factual attack. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). If the Rule 12(b)(1) motion is a facial attack, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (citing *Mortensen* 549 F.2d at 891). On the other hand, when the Rule 12(b)(1) motion is a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen* 549 F.2d at 891.

Here, Defendants' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is a factual attack because it challenges the "actual facts" that support jurisdiction, and not merely how those facts were pled. *See Pa. Shipbuilding Co.*, 473 F.3d at 514. Accordingly,

the Court may "review evidence outside the pleadings" in determining whether subject matter jurisdiction exists. *Id.* (citation omitted).

### b. Rule 12(b)(6) – Failure to State a Claim

"Rule 12(b)(6) requires a district court to dismiss a complaint if it fails to state a cognizable legal claim." *Ulferts v. Franklin Res., Inc.*, 554 F. Supp. 2d 568, 572 (D.N.J. 2008). To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). But "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal citation omitted). Additionally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Although filings by pro se litigants are to be "construed liberally," *United States v. Day*, 969 F.2d 39, 46 (3d Cir. 1992), pro se litigants still "must follow the rules of procedure and the substantive law." *Thompson v. Target Stores*, 501 F. Supp. 2d 601, 603 (D. Del. 2007); *see also McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## IV.   DISCUSSION

Defendants move to dismiss Plaintiff's Complaint primarily on the grounds that it is barred by the *Rooker–Feldman* doctrine. (Def. Mov. Br. at 4–6). The *Rooker–Feldman* doctrine bars federal district courts from hearing cases "that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). In other words, the *Rooker–Feldman* doctrine bars a suit where "a favorable decision in federal court would require negating or reversing the state-court decision." *Id.* at 170 n.4 (citations omitted). The Third Circuit has specifically held that the *Rooker–Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision. *See, e.g.*, *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013); *Manu v. Nat'l City Bank of Indiana*, 471 F. App'x 101, 105 (3d Cir. 2012); *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152 (3d Cir. 2008); *Ayres–Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005).

Four requirements must be met for the *Rooker–Feldman* doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp.*

*v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim" and they are "closely related." *Id.* at 166, 168.

Here, the first and third prongs are clearly met: Plaintiff lost in the State Court Foreclosure Action and that judgment was rendered on July 30, 2014—prior to Plaintiff's filing of the instant action in this Court on October 3, 2014. (*See* State Court Foreclosure Action Final Judgment).

The second and fourth prongs are a closer call, but are also satisfied here. Grappling with almost identical factual circumstances, the Third Circuit held in *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49 (3d Cir. 2013) that the second and fourth prongs were met and that *Rooker–Feldman* barred jurisdiction. Much like Plaintiff here, "Gage defaulted on his mortgage, and Wells Fargo subsequently filed a foreclosure complaint in state court. Gage did not file a responsive pleading, and a final judgment of foreclosure was entered by the state court . . . ." *Id.* at 50. Gage filed a complaint in federal court challenging the foreclosure judgment and sheriff's sale. *Id.* The district court granted Wells Fargo's motion to dismiss the claims as barred under the *Rooker–Feldman* doctrine. *Id.* In affirming, the Third Circuit held that all four prongs of the *Rooker–Feldman* test were satisfied and stated that:

> Gage cannot evade *Rooker–Feldman* by arguing on appeal that he was not injured by the foreclosure judgment, but rather by Wells Fargo's purportedly fraudulent actions. The complaint reveals the nature of Gage's claims against Wells Fargo: that the bank had no right to foreclose on the property and therefore committed "criminal acts" by enforcing the foreclosure judgment (Counts I and IV). These claims are in essence an attack on the state court judgment of foreclosure. Furthermore, an aspect of the relief that Gage requests—to have the deed to the property restored to him—makes it abundantly clear that he seeks to overturn the foreclosure judgment. Accordingly, the claims against Wells Fargo were properly dismissed under the *Rooker–Feldman* doctrine.

*Id.* at 51.

For the same reasons, the Court finds that the second and fourth requirements are met here and that Plaintiff's claims are barred by *Rooker–Feldman*. The gravamen of Plaintiff's Complaint is that Defendants had no right to foreclose on the Property. (Compl. ¶ 29 (stating that Defendants "have no right to declare a default, to cause notices of foreclosure sale to issue or to be recorded, or to foreclose on [Plaintiff's] interest in the Subject Property.")). Plaintiff seeks, in part, declaratory and injunctive relief related to Defendants' right to foreclose on the Property. (*Id.* at 17–25). It is thus "abundantly clear" that Plaintiff's Complaint is "in essence an attack on the state court judgment of foreclosure." *Gage*, 521 F. App'x at 51. Adjudicating Plaintiff's claims would require this Court to impermissibly engage in appellate review of the State Court Foreclosure Action. "This type of action is exactly what *Rooker–Feldman* is meant to prevent: an attempt to invalidate the final judgment of foreclosure and various other orders from a state court action in a separate federal court action." *Willoughby v. Zucker, Goldberg & Ackerman, LLC*, No. 13-7062, 2014 WL 2711177, at *4 (D.N.J. June 16, 2014).

For these reasons, the Court finds that it does not have jurisdiction over Plaintiff's Complaint. Accordingly, it need not continue its analysis under Rule 12(b)(6).

## V.     CONCLUSION

For the reasons above, the Court GRANTS Defendants' Motion to Dismiss *with* prejudice. An appropriate Order accompanies this Opinion.

                                                    s/ *Esther Salas*
                                                    **Esther Salas, U.S.D.J.**